EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Román Ortiz<br><br>Recurrido<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico y otros<br><br>Peticionarios | Certiorari<br><br>2022 TSPR 134<br><br>210 DPR \_\_\_\_ |

Número del Caso:  CC-2021-0468

Fecha: 3 de noviembre de 2022

Tribunal de Apelaciones:

    Panel XI

Oficina del Procurador General:

    Lcdo. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Rosa Elena Pérez Agosto
    Procuradora General Auxiliar

    Lcda. Jannette Ortiz Acosta
    Procuradora General Auxiliar

Abogado de la parte recurrida:

    Lcdo. Juan Carlos Ríos Pérez

Materia: Resolución del Tribunal con Voto particular concurrente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Román Ortiz

    Recurrido

                    CC-2021-468      *Certiorari*

       v.

Estado Libre Asociado de
Puerto Rico y otros

    Peticionarios

RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de noviembre de 2022.

Examinadas la Moción en cumplimiento de orden solicitando desestimación presentada por la parte recurrida y la Moción en cumplimiento de resolución y aviso de desistimiento del recurso presentada por la parte peticionaria, se anula el auto expedido y se tiene por desistido el recurso.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la expresión siguiente:

      Una vez se expide un auto, la consecuencia de un archivo por desistimiento del recurso es anular el auto. Ese decreto es siempre con perjuicio en lo que al recurso respecta, porque terminó ante nosotros y no se puede reactivar, independientemente de lo que pase en el caso si este continúa activo en el Tribunal de Primera Instancia o en el Tribunal de Apelaciones. Si en el pasado no hemos sido consecuentes en el lenguaje expresado, lo que procede es rectificar y ser más precisos y rigurosos en lo sucesivo.

La Jueza Presidenta Oronoz Rodríguez concurre y emite la expresión siguiente:

En vista de que la comparecencia que motiva esta Resolución es una moción de la Oficina del Procurador General solicitando dar por desistido su recurso de *certiorari* que expedimos el 1 de noviembre de 2021, hubiese concedido la solicitud de desistimiento, sin más.

El Juez Asociado señor Estrella Martínez emite un Voto particular concurrente. El Juez Asociado señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Héctor Román Ortiz | | |
|---|---|---|
| Recurrido | | |
| v. | CC-2021-0468 | |
| Estado Libre Asociado de Puerto Rico | | |
| Peticionario | | |

Voto particular concurrente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 3 de noviembre de 2022.

Hoy concluye el calvario procesal que ha tenido que recorrer el Sr. Héctor Román Ortiz (señor Román Ortiz) para poder ejecutar la Sentencia dictada a su favor en el 2020. Recordemos que, tal como ha ocurrido en un sinnúmero de pleitos previos en su contra, tras litigar infructuosamente en oposición a los méritos de la reclamación del señor Román Ortiz, el Estado optó por esgrimir una multiplicidad de planteamientos vinculados a una interpretación expansiva de las protecciones del procedimiento de quiebra del Gobierno en busca de obstaculizar los trámites post sentencia.

Ahora bien, luego de la Orden[1] emitida por la Corte Federal que supervisa los procedimientos relacionados con

_____

[1] En lo pertinente la Orden del Tribunal Federal dispone que:

The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and

el Título III de PROMESA, el Estado presentó una <u>Moción</u> <u>en cumplimiento de Resolución y aviso de desistimiento</u> en la cual finalmente reconoce que el señor Román Ortiz tiene derecho a recobrar la totalidad del remedio monetario concedido a su favor.

Ante ese cuadro, considero respetuosamente que, en lugar de anular el auto expedido, procedía declarar <u>con</u> <u>lugar</u> la solicitud de desistimiento y decretar expresamente el archivo con perjuicio del recurso ante nuestra consideración. Y es que, al conceder este tipo de solicitud, de ordinario hemos procedido a decretar la consecuencia jurídica de ello: el archivo con perjuicio del recurso.

Habida cuenta de que este Tribunal se limita a meramente anular el auto expedido y dar por desistido el recurso, consigno que lo que procedía era actuar con apego

---

after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: **(i) Eminent Domain/Inverse Condemnation Claims, (ii) claims for property seized by the Debtors pursuant to the Uniform Forfeiture Act of 2021, 34 L.P.R.A. 1724 et seq., (iii) claims for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. 1400 et seq.,(iv) tax refund claims, and (v) claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable.**

Es en virtud de la última de las excepciones contenidas en la <u>Orden</u> que el Estado acude ante nos y reconoce que su <u>Petición de</u> <u>certiorari</u> se ha tornado académica.

Véase, <u>Order Extending Administrative Claim Bar Date For</u> <u>Certain Parties And Modifying Discharged Injunction</u> Case: 17-03283-LTS Doc#:22650, emitida y notificada por la Honrable Jueza Taylor Swain el 20 de octubre de 2022. Disponible en: https://cases.ra.kroll.com/puertorico/Home-DocketInfo

al procedimiento rutinario de conceder la petición de desistimiento a tono con la Regla 32 de nuestro Reglamento, 4 LPRA Ap. XXI-B, R. 32, junto con el archivo con perjuicio de la controversia elevada ante nos. Ese ha sido nuestro proceder al momento de atender solicitudes similares de litigantes privados. No veo razón para apartarnos de ese curso de acción. Entonces cabe preguntarse, ¿por qué en este caso, donde el Estado es quien solicita el desistimiento, se le trata distinto?

Por otro lado, cabe señalar además que una de las diferencias principales entre los restantes tribunales y el Tribunal Supremo de Puerto Rico es que no siempre nuestras acciones u omisiones tendrán efectos limitados a la controversia entre dos partes. Es por ello que el descargo de nuestra función constitucional nos exige interpretar y pautar el Derecho, así como también divulgarlo a todo el amplio espectro de nuestra sociedad. Por lo anterior, con la mera anulación del auto expedido, sin divulgar ni reconocer expresamente las consecuencias jurídicas que ello conlleva, no queda consumada de forma completa esa faena.

La divulgación en asuntos de interés público de una Orden emitida por un Tribunal hermano del Distrito Federal para el Distrito de Puerto Rico es un asunto que requiere que ejerzamos nuestra facultad de divulgar el Derecho, no tan solo para el beneficio de las partes involucradas en este litigio, sino para el conocimiento de la comunidad

jurídica en general. Esto, especialmente, al tratarse de una de las leyes que más impacto socioeconómico y jurídico ha tenido en los últimos tiempos de Puerto Rico como lo es la Ley PROMESA. Máxime cuando la Orden emitida por la Honorable Jueza Taylor Swain reabre las puertas a dilucidar una multiplicidad de reclamos que estaban detenidos en el Poder Judicial de Puerto Rico.

Como cuestión de hecho, muchos de los obstáculos impuestos a los reclamos ciudadanos contra el Estado han sido producto de una postura errada del Gobierno de Puerto Rico, la cual ha sido avalada consecuentemente por una mayoría de este Tribunal. *Véanse*, DTOP V. AFSCME, 200 DPR 100, 102 (2018) (Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez); Vera González v. ELA, 199 DPR 995, 1002 (2018) (Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez); Narváez Cortés v. ELA, 199 DPR 821, 823 (2018) (Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez); ELA v. Ojo de Agua Development et al., 199 DPR 625, 629 (2018) (Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez).


                                        Luis F. Estrella Martínez
                                            Juez Asociado